# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| THOMAS C. HENRY, JR., | DOCKET NUMBER |
| Appellant, | DA-0752-15-0248-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: March 31, 2016 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Thomas C. Henry, Jr.</u>, Rudy, Arkansas, pro se.

<u>Eric B. Fryda</u>, Esquire, Dallas, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his alleged involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant, a preference-eligible Electronic Technician, filed an appeal on February 23, 2015, in which he alleged that his retirement, effective October 31, 2009, was involuntary. Initial Appeal File (IAF), Tab 1. He explained that he was a local union vice president and an advocate for the American Postal Workers Union, and that the plant manager, who "was known to not like union officials," subjected him to harassment, urging supervisors to discipline him, which they did by imposing suspensions that the appellant deemed to be unwarranted. Believing that the plant manager wanted to get rid of him and that the harassment was adversely affecting his health, the appellant stated that he felt that he had to retire or be fired. *Id.* at 5. He also submitted evidence showing that he filed a complaint with the agency's Office of Inspector General (OIG) on August 25, 2009, wherein he alleged that the plant manager had retaliated against him for making a protected disclosure on behalf of a coworker, *id.* at 7-10, and an October 29, 2009 letter from the OIG stating that it would take no further action on the matter because of the appellant's retirement, *id*. at 11. The appellant requested a hearing before the Board. *Id.* at 2.

¶3 In responding to the administrative judge's jurisdictional orders,[2] the appellant again described the harassment he suffered that he attributed to the plant manager, including being disciplined twice. IAF, Tab 7. The appellant explained that, approximately 2 weeks after he filed the OIG complaint against the plant manager, an action that angered him, the appellant felt compelled to apply for early retirement because he needed to have income and keep his health insurance, and that, even so, a week later, he received notice of another 14-day suspension,[3] which he perceived as a threat to keep him from changing his mind about retiring. *Id.* The appellant submitted his medical records to support his claim that he was suffering from stress, IAF, Tab 14, and a number of affidavits and statements in support of his claim that he was harassed, IAF, Tabs 15-22. The agency urged that the appeal be dismissed for lack of jurisdiction. IAF, Tab 10.

¶4 In an initial decision based on the written record, the administrative judge dismissed the appeal, IAF, Tab 34, Initial Decision (ID) at 1, 6, finding that the appellant had failed to raise nonfrivolous allegations of fact that, if proven, could establish that his retirement was involuntary so as to establish the Board's jurisdiction over his appeal,[4] ID at 4-6.

¶5 The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, in which he argues that he did make a nonfrivolous allegation that his retirement was involuntary, and that the administrative judge erred in not convening the hearing he requested, *id.* at 6. The agency has responded in opposition to the appellant's petition. PFR File, Tab 3.

---

[2] The appellant's first response was to a jurisdictional order that was issued in error. IAF, Tabs, 4, 7; IAF, Tab 34, Initial Decision at 4 n.3.

[3] This suspension was subsequently rescinded after the appellant retired, in settlement of grievances he had filed over this 14-day suspension and the earlier one. IAF, Tab 8.

[4] In light of his ruling, the administrative judge made no determination as to whether the appellant showed good cause for his 5-year delay in filing the appeal. ID at 6 n.4.

¶6      An employee-initiated action, such as a retirement, is presumed to be voluntary, and thus outside the Board's jurisdiction, unless the employee presents sufficient evidence to establish that the action was obtained through duress or coercion or that a reasonable person would have been misled by the agency. *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1123-24 (Fed. Cir. 1996). The doctrine of coercive involuntariness is narrow.[5] As explained by our reviewing court, an employee must show that the agency effectively imposed the terms of the retirement, that he had no realistic alternative but to retire, and that his retirement was the result of improper acts by the agency. *Id.* at 1124. If an employee's working conditions are so intolerable that he is forced to retire, the retirement is involuntary and constitutes a constructive removal. *E.g.*, *Heining v. General Services Administration*, 68 M.S.P.R. 513, 520 (1995). The issue is whether, considering the totality of the circumstances, the employee's working conditions were made so difficult that a reasonable person in the employee's position would have felt compelled to retire. *Markon v. Department of State*, 71 M.S.P.R. 574, 577-78 (1996); *see Vaughan v. Department of Agriculture*, 116 M.S.P.R. 493, ¶ 11 (2011).

¶7      The appellant bears the burden of proving by preponderant evidence that the matter he is appealing is within the Board's authority to review. *See Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006); 5 C.F.R. § 1201.56(a)(2)(i). If the appellant makes a nonfrivolous allegation that the matter is within the Board's jurisdiction, he is entitled to a hearing at which he must prove jurisdiction. *Garcia*, 437 F.3d at 1344. A nonfrivolous allegation in this context is an allegation of fact that, if proven, could establish that the agency coerced the appellant's retirement. *Harris v. Department of Veterans Affairs*, 114 M.S.P.R. 239, ¶ 9 (2010).

---

[5] The administrative judge found that the appellant did not allege that agency misinformation led to his retirement, ID at 3, and he has not challenged this finding on review.

¶8    The appellant argues on review that, in determining whether he had raised a nonfrivolous allegation that his retirement was rendered involuntary by agency coercion, the administrative judge failed to consider the totality of the circumstances, specifically, that he was subjected to several disciplinary actions in 2009 for unsatisfactory performance.  PFR File, Tab 1 at 4-5; IAF, Tab 8.  On the contrary, the administrative judge specifically noted the appellant's past disciplinary record, ID at 2, but found that the fact that both 14-day suspensions were still under challenge at the time the appellant retired is a factor that weighs against a finding that he made a nonfrivolous allegation of coercion, ID at 4 (citing  *Heining*,  68 M.S.P.R.  at 523);  *see Brown  v.  U.S.  Postal Service*, 115 M.S.P.R. 609, ¶ 15, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011).

¶9    The appellant further argues that the administrative judge failed to consider three statements he submitted in support of his claim.  PFR File, Tab 1 at 5.  The first was from an individual who supervised the appellant for 15 years until his retirement.  That individual related that, in 2008, the Postmaster stated that he wanted the appellant fired, and that, several days later, the plant manager advised him to take action against the appellant for his computer activity, but that, when the supervisor declined to do so, having found no evidence of wrongdoing on the appellant's part, the Postmaster became upset and said that "they would take [care] of [the appellant] themselves."  IAF, Tab 15 at 4.  The second and third statements were from an individual described by the appellant as a "National Business Agent."  Claiming to have dealt with discipline cases for over 20 years, he opined that the discipline in the appellant's case was punitive in "an attempt to 'stack up' the discipline in order to terminate [him] or force him into retirement." IAF, Tab 16.  The individual also recalled that, during a 2012 arbitration hearing, the plant manager commented that the appellant retired to keep from getting fired or knew he was going to get fired, and so he took the early retirement.  IAF, Tab 20 at 4.

¶10     We first note that the administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Moreover, even if we consider these statements, we find that they would not change the result the administrative judge reached. As he found, there is no evidence that there was a removal action pending against the appellant at the time in question. ID at 4. To the extent that there was a suspension action pending against the appellant at the time he retired, it was the subject of a grievance, as was the other 14-day suspension he had suffered, and he could have continued to challenge those actions. *See Brown*, 115 M.S.P.R. 609, ¶ 15. It is well established that the fact that an employee is faced with the unpleasant choice of either retiring or opposing a potential adverse action does not rebut the presumed voluntariness of his ultimate choice to retire. *Green v. Department of Veterans Affairs*, 112 M.S.P.R. 59, ¶ 8 (2009).

¶11     On review, the appellant challenges the administrative judge's statement that the undisputed fact that the appellant applied for retirement through a special incentive program,[6] which the agency could have denied, rather than taking an early retirement penalty, evidenced that he was not deprived of the freedom of choice. PFR File, Tab 6; ID at 4-5. The appellant argues that it would have been very difficult for him to retire without the incentive program because of the penalties ordinarily associated with early retirement. PFR File, Tab 1 at 6. While that fact perhaps justified the appellant's conclusion as to his best option, it does not constitute a nonfrivolous allegation that his retirement was coerced. *See Staats*, 99 F.3d at 1126.

---

[6] According to the appellant, the retirement incentive program offered by the agency waived the penalty normally associated with early retirement and included a bonus equal to 3 months' pay. IAF, Tab 7 at 7.

¶12      The appellant also argues that the administrative judge erred in considering his medical records.  Specifically, the appellant contends that the administrative judge improperly found that the fact that his symptoms showed improvement prior to his retirement suggested that his working conditions were not difficult, whereas in fact any improvement in his condition was due to an increase in medication and his having stayed off work for a week, per his doctor's instructions.  PFR File, Tab 1 at 6.  An examination of the appellant's medical records does not support his claim.  Rather, the records reveal that he first presented to his physician with job-related stress on July 20, 2009, for which he was prescribed Zoloft, ½ pill daily for 6 days, followed by "maintenance" at one pill per day.  IAF, Tab 14 at 17, 19.  On July 28, 2009, more than a month before he applied for early out retirement, when he reported feeling "much better" with no limit on his activities, his prescription for Zoloft remained at one pill per day. *Id.* at 11, 15.  On September 16, 2009, when the appellant reported "doing better," his prescription for Zoloft remained at one pill per day. *Id.* at 5, 9.  In any event, an employee is not guaranteed a stress-free environment. *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000).  As such, even if the appellant genuinely felt that he had no alternative but to retire, in part due to stress, he failed to make a sufficient allegation of a coercive act on the part of the agency that could have left a reasonable person in his position with no other choice but to retire on October 31, 2009. *See Staats*, 99 F.3d at 1124.

¶13      We conclude, therefore, that, contrary to the appellant's claim on review, the administrative judge correctly found that he failed to make a nonfrivolous allegation that his retirement was involuntary and, on that basis, properly denied his request for a hearing and properly dismissed the appeal for lack of jurisdiction.[7] *See Green*, 112 M.S.P.R. 59, ¶ 13 (2009).

---

[7] On review, the appellant argues that the administrative judge erred in failing to issue a subpoena that he requested.  PFR File, Tab 1 at 7.  The record reflects that the appellant

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose

---

sought a subpoena covering the period from March 1, 2009, through January 1, 2010, for:

> all documents and records involving [him] in all media whether maintained at any Postal Service Facility or any other location, including, but not limited to: hand written or typed notes, journals, letters, or calendar notations; emails from or to any person, audio or video recordings; or any other record, communication or correspondence.

IAF, Tab 13. The administrative judge did not rule on the appellant's request, but noted in the initial decision that the motion for subpoena was denied as moot. ID at 6 n.4. As to the material requested, the appellant has not shown, nor does it otherwise appear, that he complied with the Board's discovery regulations. *See* 5 C.F.R § 1201.73. Moreover, he has not explained how any information he sought to discover would have changed the result in this appeal. *See Russell v. Equal Employment Opportunity Commission*, 110 M.S.P.R. 557, ¶ 15 (2009). Thus, we find that the appellant has failed to show any abuse of discretion on the part of the administrative judge as to this matter.

to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                William D. Spencer
                Clerk of the Board

Washington, D.C.